**In re Joe SINGLETON, Jr., Debtor.**

**Joe Singleton, Jr., Plaintiff–Appellant,**

**v.**

**Fifth Third Bank of Western Ohio; L C Charters Incorporated; Gary Haines; and George W. Ledford, Defendants–Appellees.**

**BAP No. 98–8033.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Argued Sept. 2, 1998.

Decided March 4, 1999.

Brian Petroziello, Petroziello & Stout, Trotwood, Ohio, argued and on brief, for Appellant.

Alan J. Statman, Reisenfeldt & Statman, Cincinnati, Ohio, argued and on brief, for Appellee.

Before: BAXTER, LUNDIN, and RHODES, Bankruptcy Appellate Panel Judges.

## OPINION

In a state court proceeding, the Debtor argued, as a defense, that his personal Chapter 13 bankruptcy stayed the sale of property owned by the Debtor's corporation. The state court determined that the automatic stay did not prevent sale of the business property. The Debtor did not appeal the state court decision but instead filed a complaint in the bankruptcy court for violation of the automatic stay. The bankruptcy court dismissed the Debtor's complaint for failure to state a claim, and the Debtor appealed. The Panel finds that the bankruptcy court lacked subject matter jurisdiction over the Debtor's complaint. Accordingly, dismissal was appropriate, and we **AFFIRM** on the alternative ground of lack of subject matter jurisdiction.

## I. ISSUE ON APPEAL

The dispositive issue on appeal is whether the *Rooker/Feldman* doctrine deprived the bankruptcy court of subject matter jurisdiction to consider the Debtor's complaint.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to review final orders of the bankruptcy court for the Southern District of Ohio pursuant to 28 U.S.C. § 158(c)(1). An order dismissing a complaint is a final order. *See Joelson v. United States,* 86 F.3d 1413 (6th Cir.1996).

Jurisdictional determinations are reviewed de novo. *See, e.g., Greater Detroit Resource Recovery Auth. v. EPA,* 916 F.2d 317 (6th Cir.1990). The bankruptcy court's factual findings that are the basis of a jurisdictional determination will not be disturbed unless clearly erroneous. *See Ohio Nat'l Life Ins.*

*Co. v. United States,* 922 F.2d 320, 326 (6th Cir.1990).

## III. FACTS

On December 24, 1994, Fifth Third Bank obtained a state court judgment against Joe Singleton, Jr. (the "Debtor"), Porta–Wash, Inc., Automatic Brush Equipment, Inc., and Lois Singleton, the Debtor's spouse. Fifth Third's claims were founded on a note. The obligor on the note was Porta–Wash, and the note was secured by commercial property owned by Porta–Wash. The Debtor is president and sole shareholder of Porta–Wash. The Debtor and Lois Singleton guaranteed the Porta–Wash note. The state court judgment ordered Fifth Third's collateral sold. A sale of the property was scheduled for April 14, 1995.

The Debtor filed an individual Chapter 13 case on April 12, 1995. Porta–Wash did not file bankruptcy. Also on April 12, the Debtor filed a "Notice of Bankruptcy" in the Common Pleas Court of Montgomery County, Ohio, the court that ordered the sale of the Porta–Wash property. The Debtor's notice requested affirmative relief: "Defendant further requests that all proceedings be stayed, including any sale of real estate ordered by the Court, until such other and further orders of the United States Bankruptcy Court."

Fifth Third opposed the Debtor's request for a stay. Fifth Third asserted in the state court that the sale of Porta–Wash's property was not stayed by § 362 of the Bankruptcy Code because Porta–Wash's property was not property of the Debtor or of the Debtor's bankruptcy estate. Likewise, the codebtor stay in § 1301 of the Code was not applicable because the property was security for a commercial debt and the codebtor (Porta–Wash) was a corporation. Fifth Third represented that it would not seek a deficiency against the Debtor.

On April 14, 1995, the Court of Common Pleas denied the Debtor's request to stay the sale of Porta–Wash's property. The state court found that Porta–Wash owned the property, that the underlying debt was not a consumer debt under 11 U.S.C. § 101(8), and that Porta–Wash was not an individual. The

state court concluded the sale was not stayed by § 362(a) or § 1301. This order was not appealed. The foreclosure sale proceeded and Defendant, L.C. Charters, Inc., purchased the property.

On April 18, 1995, the Debtor filed an adversary proceeding in the bankruptcy court against Fifth Third, L.C. Charters, Gary Haines (the Sheriff of Montgomery County, Ohio), and George Ledford (the Chapter 13 trustee). The Debtor asserted that Fifth Third's opposition to a stay in the Common Pleas Court was a violation of the automatic stay. The Debtor also argued that the April 14th Order of the Common Pleas Court was entered in violation of the stay.

Fifth Third and Haines filed motions to dismiss the Debtor's complaint for failure to state a claim. The bankruptcy court granted the motions. The Debtor timely appealed.

## IV. DISCUSSION

■ "[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir.1998) (citing *Nationwide Mut. Ins. Co. v. Cisneros*, 52 F.3d 1351, 1361 (6th Cir.1995), *cert. denied*, 516 U.S. 1140, 116 S.Ct. 973, 133 L.Ed.2d 893 (1996); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir.1993)). This responsibility extends to inquiry into the jurisdiction of the trial court. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (citing *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)). "This duty applies irrespective of the parties' failure to raise a jurisdictional challenge on their own, and if jurisdiction is lacking, dismissal is mandatory." *Campanella*, 137 F.3d at 890 (citing FED.R.CIV.P. 12(h)(3)). *See also Norris v. Schotten*, 146 F.3d 314, 324 n. 5 (6th Cir.) ("Subject matter jurisdiction is an issue that must be raised sua sponte by a federal court where appropriate and can be raised at any time."), *cert. denied*, —— U.S. ——, 119 S.Ct. 348, 142 L.Ed.2d 287 (1998) (citation omitted). Consistent with this duty, the Panel's review begins and ends with the question whether the *Rooker/Feldman* doctrine barred litigation of this action in the bankruptcy court.

■ The *Rooker/Feldman* doctrine is derived from two Supreme Court cases decided sixty years apart, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine expresses the principle that "federal trial courts have only original subject matter, and not appellate, jurisdiction [and] ... may not entertain appellate review of [or collateral attack on] a state court judgment." *In re Johnson*, 210 B.R. 1004, 1006 (Bankr. W.D.Tenn.1997). *Rooker/Feldman* is a limitation on subject matter jurisdiction in federal courts. *See Blanton v. United States*, 94 F.3d 227, 233–34 (6th Cir.1996) ("Lower federal courts have no jurisdiction directly to review final decisions of the courts of a state or similar jurisdiction in judicial proceedings.") (citing *Feldman*, 460 U.S. at 476, 103 S.Ct. 1303; *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1747–48, 26 L.Ed.2d 234 (1970)). The doctrine complements the statutory jurisdictional scheme of the federal courts, including 28 U.S.C. § 1257, that limits federal review of state court proceedings to the United States Supreme Court. *See also* 28 U.S.C. § 1331 (federal district courts are courts of original jurisdiction); 28 U.S.C. § 1343 ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person...").

■ "The '*Rooker–Feldman*' Doctrine bars a lower federal court from conducting a virtual 'review' of a state court judgment for errors in construing federal law or constitutional claims 'inextricably linked' with the state court judgment." *Morrow v. Torrance Bank (In re Morrow)*, 189 B.R. 793, 808–09 (Bankr.C.D.Cal.1995) (footnotes omitted). The state and federal claims need not be identical for the doctrine to apply. "In order to determine whether a claim is 'inextricably intertwined' with a state court claim, the federal court must analyze whether the relief requested in the federal action would effec-

tively reverse the state court decision or void its ruling." *Bechtold v. City of Rosemount,* 104 F.3d 1062, 1065 (8th Cir.1997). *See also Hatcher v. United States Trustee (In re Hatcher),* 218 B.R. 441 (8th Cir. BAP 1998); *Johnson,* 210 B.R. at 1006. In other words, "'the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Goetzman v. Agribank, FCB (In re Goetzman),* 91 F.3d 1173, 1177 (8th Cir.) (quoting *Keene Corp. v. Cass,* 908 F.2d 293, 296 (8th Cir.1990)), *cert. denied,* 519 U.S. 1042, 117 S.Ct. 612, 136 L.Ed.2d 537 (1996).

The *Rooker/Feldman* doctrine is related to but different from preclusion principles. The Sixth Circuit stated that the "doctrine [is] a combination of the abstention and res judicata doctrines...." *United States v. Owens,* 54 F.3d 271, 274 (6th Cir.), *cert. dismissed,* 516 U.S. 983, 116 S.Ct. 492, 133 L.Ed.2d 418 (1995). The Eighth Circuit views *Rooker/Feldman* as broader than issue or claim preclusion because it does not depend on a final judgment on the merits of an issue. *See Goetzman,* 91 F.3d at 1178 (citations omitted); *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 n. 1 (8th Cir.1995) (noting that aside from this distinction the doctrines are extremely similar). The Second Circuit observed, "Of course, the *Rooker–Feldman* doctrine differs from preclusion in certain critical ways. For example, preclusion defenses are generally affirmative and can be waived; *Rooker–Feldman* is jurisdictional and cannot." *Hachamovitch v. DeBuono,* 159 F.3d 687, 696 n. 2 (2d Cir.1998). The Seventh Circuit explained:

> Equating the *Rooker–Feldman* doctrine with preclusion is natural; both sets of principles define the respect one court owes to an earlier judgment. But the two are not coextensive. Preclusion in federal litigation following a judgment in state court depends on the Full Faith and Credit Statute, 28 U.S.C. § 1738, which requires the federal court to give the judgment the same effect as the rendering state would. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). When the state judgment would not preclude litiga-

tion in state court of an issue that turns out to be important to a federal case, the federal court may proceed; otherwise not. *Harris Trust & Savings Bank v. Ellis,* 810 F.2d 700, 704–06 (7th Cir.1987). The *Rooker–Feldman* doctrine, by contrast, has nothing to do with § 1738. It rests on the principle that district courts have only original jurisdiction; the full appellate jurisdiction over judgments of state courts in civil cases lies in the Supreme Court of the United States, .... The *Rooker–Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*GASH Assocs. v. Village of Rosemont, Ill.,* 995 F.2d 726, 728 (7th Cir.1993). One commentator distinguished the doctrines in terms of federalism and comity:

> Part of the justification for the *Rooker–Feldman* doctrine's broad reach is respect for state courts. Underlying the *Rooker–Feldman* doctrine is a concern with federalism and comity. These concerns are not necessarily present within the concepts of res judicata and collateral estoppel. Res judicata and collateral estoppel are founded on the Full Faith and Credit statute, 28 U.S.C. § 1738, which requires federal courts to give state court judgments the same effect that the rendering state would. The *Rooker–Feldman* doctrine, by contrast, is based upon 28 U.S.C. § 1257 and the separate principal that only the U.S. Supreme Court has appellate jurisdiction over the civil judgments of state courts.

Andrew M. Apfelberg, *Rooker–Feldman: The "New" Abstention Doctrine for Practitioners in the Ninth Circuit,* AM. BANKR.INST. J. 1, 28 (Apr.1998).

*Rooker/Feldman* has often been applied to preclude bankruptcy court review of state court decisions. *See Reitnauer v. Texas Exotic Feline Found., Inc. (In re Reitnauer),*

152 F.3d 341 (5th Cir.1998); *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87 (3d Cir.1997); *Goetzman*, 91 F.3d at 1177; *Besing v. Hawthorne (In re Besing)*, 981 F.2d 1488, 1496 (5th Cir.) (" 'The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court.' ") (quoting *G & R Mfg. Co. v. Gunia (In re G & R Mfg. Co.)*, 91 B.R. 991, 994 (Bankr.M.D.Fla.1988)), *cert. denied*, 510 U.S. 821, 114 S.Ct. 79, 126 L.Ed.2d 47 (1993); *Ferren v. Searcy Winnelson Co. (In re Ferren)*, 227 B.R. 279 (8th Cir. BAP 1998); *Hatcher*, 218 B.R. at 446–47; *Johnson*, 210 B.R. at 1006; *Beardslee v. Beardslee (In re Beardslee)*, 209 B.R. 1004 (Bankr.D.Kan. 1997).

■ Here, the Debtor's counsel necessarily conceded at oral argument that a decision by the bankruptcy court that Fifth Third violated the stay by foreclosing on the Porta–Wash property would effectively reverse the decision by the Ohio Common Pleas Court. The Debtor's federal claim was "inextricably intertwined with the state-court judgment [because] the federal claim [would] succeed[ ] only to the extent that the state court wrongly decided the issues before it." *Goetzman*, 91 F.3d at 1177 (internal quotations and citation omitted). Absent an exception, the *Rooker/Feldman* doctrine barred the exercise of jurisdiction by the bankruptcy court.

■ While "the *Rooker–Feldman* doctrine applies even where a state court judgment may be in error," *Audre, Inc. v. Casey (In re Audre, Inc.)*, 216 B.R. 19, 29 (9th Cir. BAP 1997) (citing *In re Highway Truck Drivers & Helpers, Teamsters Local No. 107*, 100 B.R. 209, 216 (Bankr.E.D.Pa.1989)), exceptions to the doctrine have been recognized.

■ The Sixth Circuit recognizes an exception to the *Rooker/Feldman* doctrine when the state court judgment was "procured through fraud, deception, accident, or mistake...." *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 189 (6th Cir.1986) (quoting *Resolute Ins. Co. v. North Carolina*, 397 F.2d 586, 589 (4th Cir.1968)).

Also, "[t]he *Rooker–Feldman* doctrine does not apply to bar a suit in federal court brought by a party that was not a party in the preceding action in state court." *United States v. Owens*, 54 F.3d at 274. *See also Snider v. City of Excelsior Springs, Mo.*, 154 F.3d 809, 812 (8th Cir.1998) ("It is true that . . . the *Rooker–Feldman* rule does not bar a federal claim brought by one who was not a party to the state court action and therefore not in any position to seek appellate review of the state court judgment.") (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)). Other courts have held that *Rooker–Feldman* will not apply when the party had no "reasonable opportunity to raise his federal claim in state proceedings." *Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir.1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984). If the state court did not have subject matter jurisdiction over the prior action, its orders would be void ab initio and subject to attack notwithstanding *Rooker/Feldman*. *James v. Draper (In re James)*, 940 F.2d 46, 52 (3d Cir.1991); *Lake v. Capps (In re Lake)*, 202 B.R. 751, 758 (9th Cir. BAP 1996) ("A state court judgment is subject to collateral attack if the state court lacked jurisdiction over the subject matter or the parties, or the judgment was procured through extrinsic fraud."). Finally, an exception to the *Rooker/Feldman* doctrine arises when a federal statute authorizes federal review of final state court decisions. *See* 28 U.S.C. § 2241 (authorizing federal district courts to review state court decisions in habeas corpus proceedings); *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir.1996).

■ The Debtor asserts that the Ohio Common Pleas Court acted without jurisdiction because the bankruptcy court had exclusive jurisdiction to determine whether the stay applied to the sale of Porta–Wash's property. The Debtor confuses jurisdiction to grant relief from the stay under 11 U.S.C. § 362(d) with jurisdiction to determine whether the stay applies in the first instance. That the bankruptcy court may be the exclusive forum to consider a motion for relief from the automatic stay, *see Cathey v. Johns–Manville Sales Corp.*, 711 F.2d 60, 62

(6th Cir.1983) ("The legislative history of § 362(d) unambiguously identifies the bankruptcy court as the exclusive authority to grant relief from the stay."), does not preclude a nonbankruptcy court from determining whether a matter pending before it is stayed by a party's bankruptcy filing. In *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934 (6th Cir.1986), the Sixth Circuit rejected just this argument. In *Edward Cooper*, the NLRB brought an enforcement action against a debtor. The debtor argued that the bankruptcy court had exclusive jurisdiction to determine coverage of the automatic stay. *Id.* at 938. The NLRB countered that the action was excepted from the stay under § 362(b)(4). The Sixth Circuit agreed with the NLRB, and held that it had jurisdiction to reach that conclusion: "'The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.'" *Id.* at 939 (quoting *Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin–United Corp. Litig.)*, 765 F.2d 343, 347 (2d Cir.1985)(footnote omitted)). *See also Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990) ("[O]ther district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay. A court's determination of its own jurisdiction is subject to the principles of res judicata; it generally may not be challenged in a collateral proceeding.") (internal citation omitted); *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 973 (N.D.Ill.1992). *Contra Gruntz v. County of Los Angeles (In re Gruntz)*, 166 F.3d 1020 (9th Cir.1999) (state court lacked subject matter jurisdiction to determine that automatic stay did not preclude criminal prosecution of debtor; therefore, *Rooker/Feldman* did not preclude bankruptcy court from redetermining whether prosecution violated stay).

The Debtor has mischaracterized Fifth Third's opposition to the Debtor's injunctive request in the state court as a motion for relief from the stay. Fifth Third did not seek stay relief from the state court. Rather, the Debtor raised the automatic stay as a defense to Fifth Third's sale of the Porta–Wash property. The Ohio Court did not presume to grant relief from any stay; it only determined that the stay of the Debtor's personal bankruptcy did not apply to the sale of Porta–Wash's property—a decision fully within the jurisdiction of the state court.

The Debtor chose his forum. If he believed the state court erred in allowing Fifth Third to go forward with foreclosure, his remedy was to appeal within the state courts of Ohio. No exception to the *Rooker/Feldman* doctrine applies.

### V. CONCLUSION

Under the *Rooker/Feldman* doctrine the bankruptcy court lacked jurisdiction to consider the Debtor's complaint. Accordingly, the bankruptcy court's dismissal of the Debtor's complaint is **AFFIRMED** on the alternative ground that the bankruptcy court lacked subject matter jurisdiction.