# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

————————————

**BAP No. MB 99-102**

————————————

**IN RE: CHRISTOPHER PILAVIS**
**Debtor.**

————————————

**CHRISTOPHER PILAVIS,**
**Appellant,**

**v.**

**RICHARD CAMPANA,**
**Appellee.**

————————————

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**(Hon. William C. Hillman, U.S. Bankruptcy Judge)**

————————————

**Before**

**VOTOLATO, GOODMAN, AND HAINES, U.S. Bankruptcy Judges**

————————————

**Evan James Pilavis, on brief for Appellant.**

**Frederic D. Grant, Jr., and Grant & Roddy on brief for Appellee.**

————————————

**March 31, 2000**

————————————

**Per Curiam.**

The Debtor, Christopher Pilavis, ("Pilavis") appeals from the November 17, 1999 bankruptcy court order that overruled his objection to the proof of claim filed by Richard Campana. ("Campana"). For the reasons set forth below, we affirm the decision of the bankruptcy court.

BACKGROUND

On June 15, 1995 the Middlesex Superior Court entered judgment in favor of Campana and against Pilavis. Appellant's Brief, Exhibit A. On March 30, 1998, Pilavis filed a Chapter 7 petition. On July 26, 1999, Campana filed a proof of claim asserting an unsecured claim in the amount of $1,057,147.30. Appellant's Brief, Exhibit A. Campana's claim arose from the final judgment of the Middlesex Superior Court, a copy of which was attached to his proof of claim. Pilavis objected to Campana's proof of claim and sought to have the bankruptcy court determine that the state court "had no basis to impose M.G.L.A. c223 sec 51 interest and/or 93A damages and attorney's fees." Debtor's Opposition to Campana's Proof of Claim at 5, attached to Appellant's Brief as Exhibit B. On November 17, 1999, the bankruptcy court overruled Pilavis's objection. Pilavis filed this appeal.

Pilavis seeks review of "the findings, ruling and the order of the Superior Court which is attached to [sic] Debtor's Exhibit E." Appellant's Brief at 3. Pilavis's statement of the issues identifies two specific issues on this appeal:

"Issue I. Where the judgment issued by the Superior Court against the Debtor is not supported by that Court's Findings, Rulings and Orders as a matter of fact and law should the Bankruptcy Court look only to the findings, rulings and order to determine the damages to be assessed against the Debtor." Appellant's Brief at 3.

"Issue II: Can Campana apply C.221 §51 interest on the judgment." Appellant's Brief at 5.

## STANDARD OF REVIEW

The bankruptcy's court's decision to overrule Pilavis's objection and give full faith and credit to the state court judgment that supports Campana's proof of claim is a conclusion of law, and as such, it is reviewed de novo by this panel. In re Leicht, 222 B.R. 670, 671 (B.A.P. 1st Cir. 1998).

## JURISDICTION

The bankruptcy appellate panel has jurisdiction of the appeal pursuant to 28 U.S.C. §158(b).

## DISCUSSION

Pilavis fully and completely litigated his defenses to Campana's claim in state court, all appeals related to the state court judgment have terminated and the judgment has become final. Appellee's Brief at 2. Pilavis does not deny that he litigated his defenses to Campana's claim in state court. He now claims that the state court ruled incorrectly. He argues that this panel should reverse the bankruptcy court; modify the state court judgment by applying a rate of interest different than that applied by the state court; strike the award of attorney's fees from the state court judgment; and reduce the state court

3

judgment.  Appellant's Brief at 6.  Pilavis appears to be asking for the opportunity to re-litigate the state court judgment in the bankruptcy court, and he appears to be asking the bankruptcy court to exercise appellate review of the state court judgment.

The Full Faith and Credit Act, 28 U.S.C. §1738, provides, in relevant part, as follows:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

The bankruptcy court is required to give a state court decision the same preclusive effect the decision would be afforded in any state court of the rendering state.  In the case In re Abijoe Realty Corp., 943 F.2d 121, 126 (1st Cir. 1991), the First Circuit noted that "[e]ven though the [debtor] has challenged the allowability of the claim, there can be no doubt that a judgment, in all respects *regular* on its face, cannot be considered meritless on its face.  Indeed formidable obstacles confront any challenge to the 'full faith and credit' of a state court judgment."  *See also* In re Singleton, 230 B.R. 533, 537 (B.A.P. 6th Cir. 1999).  We reject Pilavis's unsupported argument that he is entitled to relitigate the merits of his defenses to Campana's claim.

We also reject Pilavis's argument that he can seek appellate review of the final judgment of the Middlesex Superior Court in the bankruptcy court.  The Rooker-Feldman doctrine, a doctrine

4

drawn from two Supreme Court cases, prevents a lower federal court from reviewing a state court judgment. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *see also* <u>In re Audre, Inc.</u>, 216 B.R. 19, 26 (B.A.P. 9th Cir. 1997). Contrary to Pilavis's arguments, the bankruptcy court cannot recalculate the penalty interest or damages imposed by the state court; it cannot reduce the award of attorney's fees; and it cannot otherwise modify the state court judgment.

## CONCLUSION

The bankruptcy court properly overruled Pilavis's objection to Campana's proof of claim. The bankruptcy court's November 17, 1999 order is AFFIRMED.