In re Thomas A. SIML, Debtor.

A Packaging Service Co., Plaintiff,

v.

Thomas A. Siml, Defendant.

Bankruptcy No. 00–16906.
Adversary No. 00–1449.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

April 9, 2001.

See also 2000 WL 1369908.

Bruce W. McClain, Bay Village, OH, for plaintiff.

Thomas C. Pavlik, Novak, Robenalt, Pavlik & Scharp, Cleveland, OH, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the Motion for Summary Judgment ("Motion") filed by the Plaintiff, A Packaging Company ("Plaintiff"). The Debtor–Defendant, Thomas A. Siml ("Debtor") filed a brief in opposition to the Motion. Said Motion was filed in this proceeding by the Plaintiff, asserting nondischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2) or (4).

The Court acquires core matter jurisdiction over these proceedings, pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. Following a duly noticed hearing on the Motion, the Court makes the following findings and conclusions.

The Debtor and his wife, Marie Siml, owned and worked for a bookkeeping company named Data Care Bookkeeping Services ("Data"). The Plaintiff hired Data to provide accounting services in 1987. Over the next six years, at least $356,633.87 was embezzled from the Plaintiff.[1] Portions of the embezzled money were deposited in the joint bank account of the Debtor and his wife. Marie Siml is now imprisoned for federal tax evasion charges stemming from the receipt of those embezzled funds.

On October 8, 1996, the Plaintiff filed a complaint in state court against the Debtor, Marie Siml, and Data, alleging fraud and misrepresentation. An answer was filed on behalf of the state court defendants, and several separate filings were served on the Defendant.[2] On July 24,

---

1. The state court complaint sought recovery of $750,000, but the subsequent summary judgment was granted in the amount of only $356,633.87.

2. The Plaintiff asserts that it served eleven documents to the Debtor's home or business address, but in detailing those mailings, it lists only nine documents.

1998, the state trial court granted summary judgment for the Plaintiff, in the amount of $356,633.87. The Debtor filed a motion for relief from judgment, due to surprise and excusable neglect, on July 20, 1999. Without a hearing, the state trial court denied that motion, because it was not filed within a reasonable time as required by Ohio Civil Rule 60(B). The Debtor appealed the denial of his motion for relief from judgment to the Ohio Court of Appeals, which affirmed.

The Plaintiff now moves for summary judgment in the within dischargeability proceeding, on the basis that the Debtor is collaterally estopped from disputing any operative facts, and that the facts established in state court entitle the Plaintiff to judgment as a matter of law. The Debtor argues that as a result of an active concealment of mail by his wife, he was not aware of the state court proceeding until November of 1998, after the trial court granted summary judgment. He relates that his wife intercepted his mail at both his home and business addresses, and retained an attorney on his behalf without his knowledge. Therefore, he asserts that collateral estoppel is not applicable in the present case.

Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it would affect the determination of the underlying action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir.1996). An issue of material fact is genuine where a rational fact-finder could find in favor of either party on the issue. *Anderson, supra,* at 248–249, 106 S.Ct.

2505; *Structurlite Plastics Corp. v. Griffith (In re Griffith)*, 224 B.R. 27 (6th Cir. BAP 1998). In a motion for summary judgment, the initial burden is on the movant to establish an absence of evidence to support the nonmoving party's case. *Celotex, supra,* at 322, 106 S.Ct. 2548; *Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 198 (6th Cir. BAP 1998). The burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

In the present case, the parties do not dispute the procedural history, or the import of the state trial court's ruling. Where collateral estoppel applies, there is no genuine issue of material fact, because the findings in the state court have established the requisite elements of § 523(a)(2)(A) of the Bankruptcy Code. That provision reads:

> A discharge under section 727 … of this title does not discharge an individual debtor from any debt …
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). The judgment in the state court established a debt for money obtained by actual fraud and false representation. If, however, collateral estoppel does not apply in this case, then the Debtor will actively dispute his part in the fraudulent conduct that was the subject of the state court judgment against him. The Supreme Court has confirmed that collateral estoppel principles apply in dischargeability proceedings in bankruptcy. *Grogan v. Garner*, 498 U.S. 279, n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Gonza-*

lez v. Moffitt (In re Moffitt), 252 B.R. 916, 921 (6th Cir. BAP 2000).

■ The state court's entry of summary judgment constitutes a final and conclusive judgment, and is subject to collateral estoppel. Nat'l Acceptance Co. of Am. v. Bathalter (In re Bathalter), 951 F.2d 349 (6th Cir.1991); In re O'Bryan, 190 B.R. 290 (Bankr.E.D.Ky.1995). See also Restatement (Second) of Judgments, § 27 cmt. d, illus. 10 (illustrating "when an issue is actually litigated[:] ... An issue may be submitted and determined on ... a motion for summary judgment"). To determine the applicability of collateral estoppel, the full faith and credit principles of 28 U.S.C. § 1738 require that the Court look to Ohio law. Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 461 (6th Cir.1999); Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 374, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

■ Under Ohio law, the doctrine of collateral estoppel precludes a party from relitigating an issue when the following conditions are met:

1.) There is a final judgment on the merits in the previous case, after a full and fair opportunity to litigate the issue;

2.) The issue must have been admitted or actually tried and decided, and must be necessary to the final decision;

3.) The issue in the present suit must be identical to the issue in the prior suit; and

4.) The party against whom estoppel is sought was a party or in privity with a party in the prior action.

Howell v. Richardson, 45 Ohio St.3d 365, 544 N.E.2d 878 (1989); Hicks v. De La Cruz, 52 Ohio St.2d 71, 369 N.E.2d 776 (1977); Cashelmara Villas Ltd. P'ship v. DiBenedetto, 87 Ohio App.3d 809, 623 N.E.2d 213 (1993). See also Restatement (Second) of Judgments, § 27 (stating "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties"). The person asserting estoppel carries the burden of proving its requirements, Spilman v. Harley, 656 F.2d 224, 229 (6th Cir.1981), overruled on other grounds, Bay Area Factors v. Calvert (In re Calvert), 105 F.3d 315, 319 (6th Cir.1997), by a preponderance of the evidence. Grogan, supra.

The Debtor acknowledges that the third and fourth criteria above have been satisfied. He argues, however, that he has not had a full and fair opportunity to litigate the issue, and that it has not been actually tried. In support, the Debtor cites to Bathalter for the proposition that the court must look not only to the judgment itself, but also to the record as a whole.

■ The record in the state court proceedings, however, supports the Plaintiff's contention that the Debtor had a fair opportunity to litigate the matter. In affirming the ruling of the trial court, the Ohio Court of Appeals for the Eighth District stated:

[D]efendant, by his own admission, waited over ten months after learning of the court's final judgment entry, before filing his motion for relief from judgment. This court has previously determined that a movant who waited seven months after obtaining actual notice to file his motion for relief from judgment has not filed the motion within a reasonable time. By application of this authority, we likewise conclude that defendant's motion for relief from judgment was not filed within a reasonable time and was therefore properly rejected by the trial court. In addition, defendant did not assert a meritorious defense to the allegation of Packaging Service's complaint.

The motion was therefore not well-taken. Moreover, since the operative facts of the motion did not indicate that relief was warranted, the trial court was not required to hold an evidentiary hearing in this matter.

(Accelerated Docket Journal Entry and Opinion, at 6.) As the appellate court's opinion indicates, the Debtor has had a fair opportunity to litigate the issue. By waiting a period of time that the state court deemed unreasonable before filing his motion for relief from judgment, he allowed that opportunity to pass. The four criteria for application of collateral estoppel are therefore satisfied.

█ Moreover, the Debtor acknowledged at the hearing on the present Motion that he seeks to set aside the state court judgment. This Court is prohibited from such an action by the Rooker–Feldman doctrine, stemming from the Supreme court cases of *Rooker v. Fidelity Trust Company,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine "expresses the principle that 'federal trial courts have only original subject matter, and not appellate, jurisdiction [and] . . . may not entertain appellate review of [or collateral attack on] a state court judgment.'" *Singleton v. Fifth Third Bank of W. Ohio (In re Singleton),* 230 B.R. 533, 536 (6th Cir. BAP 1999) (quoting *In re Johnson,* 210 B.R. 1004, 1006 (Bankr.W.D.Tenn.1997)).

█ In determining whether Rooker–Feldman applies in a given case, courts inquire whether a party is seeking to set aside a state judgment, or whether he alternatively presents an independent claim that may deny a legal conclusion reached by the state court. *Singleton, supra,* at 537. *See also Gross v. Weingarten,* 217 F.3d 208 (4th Cir.2000); *In re Wilson,* 116 F.3d 87 (3d Cir.1997); *Reitnauer v. Texas Exotic Feline Found., Inc.,* 152 F.3d 341 (5th Cir.1998); *Rae v. Diamond,* 182 F.3d 927 (9th Cir.1999). Here, the Debtor forthrightly admits that he seeks to set aside the state judgment. The Rooker–Feldman doctrine plainly prohibits him from doing so. "A party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States [trial] court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy,* 512 U.S. 997, 1005–1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

Because the Debtor is prohibited by collateral estoppel and the Rooker–Feldman doctrine from relitigating the issues underlying the state court judgment against him, the Court accepts the findings and conclusions in the state court summary judgment as having been sufficiently litigated. Those findings establish a debt for money obtained by actual fraud and false representation, which squarely satisfies the requirements of § 523(a)(2)(A). Therefore, there exists no genuine issues of material fact, and the Plaintiff is entitled to judgment as a matter of law.

Because summary judgment is proper with regard to § 523(a)(2)(A), the Court need not address the Complaint's allegations under § 523(a)(4).

Accordingly, the Motion is hereby granted.

**IT IS SO ORDERED.**