**Richard Carlton TAYLOR, Plaintiff–Appellant,**

v.

**TENNESSEE DEPARTMENT OF MENTAL HEALTH, FORENSIC SERVICES DIVISION; Larry Southard; Dr. Sam Craddock; Dr. Farooke, Defendants–Appellees.**

No. 00–6375.

United States Court of Appeals, Sixth Circuit.

May 4, 2001.

554

Before KENNEDY and DAUGHTREY, Circuit Judges; MCKEAGUE, District Judge.*

### ORDER

Richard Carlton Taylor appeals pro se from a district court judgment that dismissed his civil rights action, filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

Taylor was convicted of first-degree murder in 1984, and sentenced to death. However, the trial court granted Taylor's post-conviction motion and vacated his conviction in 1997. In affirming this judgment, the state court of appeals found that defense counsel had not sufficiently investigated and argued issues regarding Taylor's sanity and his competency to stand trial.

In 1999, the trial court directed the forensic services program at the Middle Tennessee Mental Health Institute to evaluate Taylor's mental capacity and competency. The director of forensic services advised the court that Taylor had objected to the release of records that were needed to complete the evaluation, and the court ordered that the records be released.

In his current civil rights case, Taylor primarily alleged that the defendants violated his constitutional rights: 1) by failing to complete his competency evaluation in a timely manner; and 2) by demanding access to his prison records. The district court dismissed the case for lack of jurisdiction on September 13, 2000, and it is from this judgment that Taylor now appeals.

A *de novo* review of the record shows that dismissal was appropriate under the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). That doctrine prevents the federal courts from examining federal or constitutional claims that are inextricably linked with a state court's judgment, when doing so would result in a virtual appeal of the state judgment. *In*

*re Singleton,* 230 B.R. 533, 536–37 (6th Cir.BAP1999). Taylor's arguments to the contrary are unpersuasive because he clearly sought to relitigate the trial court's rulings regarding his competency evaluation, even though his intent to do so was thinly veiled by his alleged constitutional claims. *See Patmon v. Michigan Supreme Court,* 224 F.3d 504, 510 (6th Cir.2000); *Singleton,* 230 B.R. at 539.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.