**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-10373

In the Matter of: GENE REITNAUER,

Debtor,

-------------------------------

GENE REITNAUER,

Appellee.

versus

TEXAS EXOTIC FELINE FOUNDATION, INC.

Appellant.

Appeal from the United States District Court
for the Northern District of Texas

August 18, 1998

Before POLITZ, Chief Judge, WISDOM, and WIENER, Circuit Judges.

WISDOM, Senior Circuit Judge:

### I. Introduction and Background

Appellant Texas Exotic Feline Foundation, Inc.("TEFF"), a non-profit organization in Wise County, Texas, provides a sanctuary for abandoned, abused, or neglected exotic felines, such as lions, tigers, and leopards.  Appellee Gene Reitnauer founded TEFF and functioned as an officer and director of the

organization from 1988 to 1997. Before this litigation, the real property upon which TEFF is located consisted of approximately 24 acres in the foundation's name, and approximately 7.5 acres in Reitnauer's name. Reitnauer's principal residence of 20 years is located on the property.

In November 1996, the Texas Attorney General filed a suit against Reitnauer in which he alleged that Reitnauer breached her fiduciary duties to TEFF and engaged in various practices that were violative of the Texas Deceptive Trade Practices Act.[1] In the first phase of a bifurcated trial,[2] the jury found that Reitnauer committed fraud, breached her fiduciary duties, improperly converted TEFF assets for her own use, and was unjustly enriched. It awarded the plaintiffs $460,000 in compensatory damages. Prior to the commencement of the second phase, however, Reitnauer filed a voluntary Chapter 7 bankruptcy petition under Title 11 of the United States Code, thus causing an automatic stay to be imposed upon the state court proceedings.[3] Three days later, TEFF successfully moved the

---

[1] Tex. Bus. & Comm. Code § 17.41, et seq. The Attorney General originally named TEFF as a defendant in the action. After TEFF filed a cross-action against Reitnauer, however, the trial court realigned the parties, leaving Reitnauer as the sole defendant.

[2] The jury considered liability and compensatory damages in phase one, and exemplary damages and attorney fees in phase two.

[3] See 11 U.S.C. § 362. Section 362 provides that the filing of a voluntary petition in bankruptcy operates as a stay of the commencement or continuation of a judicial proceeding against the

2

bankruptcy court to partially lift the automatic stay so that the second half of the trial could be completed.[4]  In the second phase of the trial, the jury awarded $540,000 and $1,000,000 in exemplary damages to TEFF and the Attorney General, respectively. The trial court's post-verdict judgment divested Reitnauer of all proprietary interests she previously enjoyed on the 7.5 acres titled in her name, including her homestead right, of which Reitnauer argued she could not be dispossessed under Texas law.[5] The judgment also permanently enjoined Reitnauer from entering the property beyond a 30-day grace period.  Again, TEFF successfully moved the bankruptcy court to lift the automatic stay, thus clearing the way for the state court judgment to be recorded and enforced.   Reitnauer appealed to the district court, which reversed the bankruptcy court on the ground that its decision to lift the automatic stay was an abuse of discretion. TEFF now appeals from this final judgment.  Finding its arguments

---

debtor that was or could have been commenced before the commencement of the Title 11 action.  *Commonwealth Oil Refining Co., Inc. v. United States Environmental Protection Agency*, 805 F.2d 1175, 1182 (5th Cir. 1986).

[4] 11 U.S.C. § 362(d) authorizes a bankruptcy court to lift an automatic stay for "cause."  Because § 362 does not offer guidance as to what constitutes "cause," reviewing courts must determine whether cause existed on a case-by-case basis.  See *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

[5] The court, after determining that Reitnauer was not entitled to the protections afforded by the homestead exemption, imposed a constructive trust upon the property for the benefit of TEFF, thus awarding TEFF title and interest to the property, together with title and interest to the fixtures and improvements thereon.

persuasive, we reverse the judgment of the district court and reinstate the order of the bankruptcy court.

## II. Discussion

The underlying facts of this appeal belie its true nature. Indeed, it is far more concerned with matters of federalism than with the nuts and bolts of bankruptcy law. TEFF's principal contention is that the district court exceeded the bounds of its subject matter jurisdiction by collaterally attacking the state court judgment entered against Reitnauer.[6] Even though the district court possessed the authority to determine whether the bankruptcy court abused its discretion in lifting the automatic stay, TEFF argues, it did not possess the authority to render its determination by reviewing the substance of the state court decision. TEFF calls our attention to the Rooker-Feldman doctrine,[7] which provides that lower federal courts lack jurisdictional authority to sit in appellate review of state court decisions.[8] In a nutshell, the doctrine holds that

---

[6] TEFF raises a question of law that we review <u>de novo</u>. <u>See</u> *Narey v. Dean*, 32 F.3d 1521, 1524 (11th Cir. 1994).

[7] The doctrine derives its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923), holding that the jurisdiction of the federal district courts is strictly original, and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482 (1983), holding that federal district courts do not have the authority to review final state court judgments.

[8] <u>See</u> *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). <u>See also</u> 28 U.S.C. § 1257, which provides that federal appellate jurisdiction over state court decisions is vested in the

4

inferior federal courts do not have the power to modify or reverse state court judgments.[9]

Our task is to determine whether the district court violated the Rooker-Feldman doctrine by impermissibly exercising de facto appellate jurisdiction over the state court judgment entered against Reitnauer. In order to do so, we must review carefully the district court record.

The district court assigned to itself the duty of ascertaining "whether the bankruptcy court should have allowed the recording and enforcement of a judgment effectively taking away [Reitnauer's] claim to her homestead without determining whether that judgment was proper."[10] In reaching its conclusion that the bankruptcy court abused its discretion by lifting the automatic stay, the district court assailed the legitimacy of the state court judgment against Reitnauer:

> The state court's judgment shows on its face that it is an attempt by the state court to deprive [Reitnauer] of her constitutional homestead rights under circumstances that are not allowed by Texas law. The judgment shows that the state

United States Supreme Court. It should be noted that Congress has carved out limited exceptions to the Rooker-Feldman doctrine. Under 28 U.S.C. § 2241, for example, federal district courts are authorized to entertain state prisoners' habeas corpus petitions. *Garry v. Geils*, 82 F.3d 1362, 1365 n.4 (7th Cir. 1996).

[9] See *Rooker* at 415-16 and *Garry* at 1365. See also *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986), holding that "judicial errors committed in state courts are for correction in the state court systems."

[10] The district court raised this precise issue *sua sponte*. Neither party briefed the issue before the district court.

5

court decreed that [Reitnauer] lost her homestead rights in the property .... by reason of wrongful commingling and other wrongful conduct. Texas law does not recognize that homestead rights can be lost or otherwise adversely affected for those reasons. The bankruptcy court's .... order has the effect of approving and aiding the enforcement of the improper actions taken in the state court's judgment relative to [Reitnauer's] homestead.

The district court, therefore, made apparent its displeasure with the manner in which the state court interpreted and applied state law; such displeasure formed the basis for its reversal of the bankruptcy court's order. Accordingly, we conclude that the district court violated the letter of the Rooker-Feldman doctrine by sitting in appellate review of the state court judgment entered against Reitnauer.[11] The parties contested, and the state court adjudicated, the homestead issue in a Texas court of competent jurisdiction.[12] While that adjudication was immediately appealable to the Texas Court of Appeals, it was not appealable, immediately or otherwise, to the federal courts.

The district court having failed to conduct an appropriate

---

[11] See *Baldino v. Wilson*, 116 F.3d 87, 90 (3d Cir. 1997), applying the Rooker-Feldman doctrine in the context of a bankruptcy matter.

[12] The district court attempted to justify its collateral attack on the state court judgment by maintaining that the state court lacked jurisdiction to determine that Reitnauer was not entitled to the protection of the homestead exemption. It is true that (1) jurisdictional defects render a judgment void, and (2) void judgments are subject to collateral attack. We conclude, however, that the state court proceeding did not suffer from any jurisdictional defect. We have stated that under Texas law, "courts of general jurisdiction do have jurisdiction to determine whether property is a homestead." *In re Camp*, 59 F.3d 548, 552 (5th Cir. 1995).

review of the bankruptcy court's order, it is left to us to decide whether the bankruptcy court abused its discretion in lifting the automatic stay.[13]  We have little difficulty concluding that it did not.  Reitnauer failed to respond to TEFF's second motion to vacate the automatic stay, which resulted in TEFF's allegations being deemed admitted.[14]  For purposes of the bankruptcy court's review, therefore, Reitnauer admitted to having filed her Chapter 7 petition in bad faith.  Accordingly, it was not an abuse of discretion for the bankruptcy court to have found cause to lift the automatic stay.[15]

### III. Conclusion

For the foregoing reasons, the judgment of the district court is REVERSED, and the order of the bankruptcy court is REINSTATED.

---

[13] See *In re Chunn*, 106 F.3d 1239, 1242 (5th Cir. 1997) and *Baldino* at 89.

[14] See Rule 4001(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas.

[15] A debtor's lack of good faith in filing a bankruptcy petition may be an appropriate ground for lifting the automatic stay.  *In re Little Creek Development Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986).  See also *Laguna Associates Limited Partnership v. Aetna Casualty and Surety Co.*, 30 F.3d 734, 737 (6th Cir. 1994).

7