**Daniel Ray MOONEY, et al.**

v.

**Clinton GILL, et al.**

**No. CIV.A.4:01–CV–598–Y.**

United States District Court,
N.D. Texas,
Fort Worth Division.

March 26, 2002.

St. Clair Newbern, III, Law Office of St. Clair Newburn, Fort Worth, TX, for Appellants.

David A. Madison, Pope, Hardwicke, Christie, Harrell, Schell & Kelly, Fort Worth, TX, for Appellees.

Barbara J. Houser, US Bankruptcy Court, Dallas, TX, pro se.

### ORDER AFFIRMING BANKRUPTCY COURT ORDER

MEANS, District Judge.

Pending before the Court is the appeal by Daniel Ray Mooney and Cynthia Ann Mooney (referred to collectively as "the Mooneys") of two bankruptcy court orders: (1) a December 11, 2000 Order Modifying Automatic Stay and (2) a March 7, 2001 Order Denying Motion for New Trial or Reconsideration. After carefully reviewing the Mooneys' brief,[1] the record, and the applicable law, the Court concludes that the bankruptcy court's December 11 and March 7 orders should be AFFIRMED.

On July 11, 2000, the Mooneys filed a voluntary bankruptcy petition under Chapter 13 in the bankruptcy court. On September 15, the appellees, Clayton and Clinton Gill (referred to collectively as "the Gills") filed a Motion for Relief from Stay. In the motion, the Gills alleged that Cynthia Mooney, who is the Gills' aunt, had grossly mismanaged their trust accounts. The Gills contended that after the untimely deaths of both their parents, their parents' estate was devised by the will of their mother, Venita Addie Gill, to Cynthia Mooney, in trust, for the benefit of the Gills. The Gills alleged that Cynthia Mooney took possession of the trust assets in her own name and placed them in her personal checking account. Consequently, on May 15, 2000, the Gills "filed a lawsuit in Tar-

---

1. The Court notes that the appellees wholly failed to respond to the Mooneys' brief.

rant County Probate Court No. 2 [('Probate Court')] requesting an accounting [and] the imposition of a constructive trust and equitable lien on assets purchased with converted trust funds, [and asserting claims for] breach of fiduciary duty, conspiracy to breach and participation in breaches of fiduciary duty, fraud, conversion, and tortuous interference with inheritance rights." (Gills' Mot. for Relief from Auto. Stay at 3.) On June 1, the Probate Court issued a temporary injunction preventing the Mooneys from further depleting the trust assets or property purchased with the trust assets.

In their Motion for Relief From Stay, the Gills requested that a constructive trust be imposed upon property located at 10711 West Cleburne Road, Crowley, Texas 76036 ("West Cleburne Road property"). This property was listed as an asset of the Mooneys in their petition for bankruptcy, but the Gills contended that the property was partially purchased or improved using money from their trust funds. The Gills asserted that the Mooneys had no equity in the West Cleburne Road property and requested that the bankruptcy court lift the automatic stay so the Probate Court could handle the imposition of the constructive trust. The Gills attached the following exhibits to their motion: (1) a copy of Venita Addie Gill's "Last Will and Testament" ("exhibit A"), (2) a copy of an "Inventory, Appraisement, and List of Claims" filed by Cynthia Mooney with the Probate Court on January 24, 1996, indicating that the total assets of the estate of Venita Addie Gill was $393,100 ("exhibit B"); (3) a list of expenses, alleged by the Gills to be an accounting of the trust funds that was prepared by Cynthia Mooney, which showed that Cynthia Mooney had used a large portion of the money for her own personal expenses ("exhibit

C"); and (4) a copy of the June 1, 2000 Order Granting Temporary Injunction issued by the Probate Court ("exhibit D").[2]

The Mooneys filed a response in opposition to the Gills' motion on September 27, in which they admitted that they did not have any equity in the West Cleburne Road property and admitted that exhibits A, B, and D to the Gills' motion were true and correct copies of the purported documents. They requested, however, that the matter be handled by the bankruptcy court, contending that the Gills' interest would be adequately protected if the West Cleburne Road property was turned over to the Gills.

The bankruptcy court, on November 27, 2000, held a hearing on the Gills' Motion for Relief from Stay. During the course of the hearing, the Gills' attorney attempted to cite to a case in support of his argument that the automatic stay should be lifted for "cause." The Mooneys' attorney objected to the citation of this legal authority because the Gills had failed to file a timely brief. The bankruptcy court sustained the objection. Towards the end of the hearing, the Mooneys' attorney stated, "I would point out at this juncture that the witness and exhibit list that [the Gills' attorney] Mr. Madison has served on us was not timely served three business days prior to this hearing, and I am going to object to him calling any witnesses or offering any exhibits into evidence." (Gills' Designation of R. at 235.) The bankruptcy judge responded:

It occurs to me that since a claim has not presently been filed, and a claim is not currently pending, a hearing on a claim in this court that is not currently set in this matter, that the state court as of this time, this time being the time as this moment in time, Monday at 11:20 on

---

2. All exhibits were claimed in the motion as being "true and correct" copies.

November 27th, the proper procedure for this Court to follow would be to grant the motion for relief from stay, and the Court will rule on any subsequent matters that are filed at the appropriate time when they are set.

Accordingly, the Court is going to grant the motion for relief from stay . . . .

(*Id.*) Subsequently, on December 11, the bankruptcy court entered an order lifting the automatic stay so that the Gills could proceed against the Mooneys in the Probate Court lawsuit.

On December 18, the Mooneys filed a Motion for New Trial or Reconsideration, in which they asked the bankruptcy court to reconsider its December 11 order. The Gills filed a response on January 4, 2001. After a hearing on the motion,[3] the bankruptcy court denied the Mooneys' motion for reconsideration in an order dated March 7.

The Mooneys claim that a "party seeking relief from the 11 U.S.C. Section 362(a) stay in a bankruptcy proceeding has the initial burden to establish at least a prima facie case that it is entitled to relief from the effects of the automatic stay," (Mooneys' Br. at 6.) The Mooneys argue that "because the [Gills] had failed to timely serve their Witness and Exhibit List, [they] were not permitted to call any Witnesses or present any evidence," (Mooneys' Br. at 4.) Consequently, "[w]ith no evidence before it, the Court should have denied the [m]otion for relief from the stay." (Mooneys' Br. at 7.) The Mooneys also assert that the bankruptcy court further erred in not granting them a new trial or reconsidering its order lifting the automatic stay. (Mooneys' Br. at 8.)

 Section 362(d), which deals with the lifting of the automatic stay, states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if-

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362 (2001). Although "cause" is not defined in the statute, the "legislative history does provide that 'a desire to permit an action to proceed to completion in another tribunal may provide . . . cause.'" *In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514, 526 (Bankr.S.D.N.Y.1996). The bankruptcy court must balance the hardships of the parties and base a decision on whether to modify the automatic stay on the degree of hardship involved and the goals of the Bankruptcy Code. *See In re Cardinal Industries, Inc.*, 116 B.R. 964, 983 (Bankr. S.D.Ohio 1990). "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in

---

**3.** During the hearing, the bankruptcy court stated:

I believe under the case law that has been stated by the Gills that I should, and I do hereby deny the debtors' motion for trial or rehearing, motion for a new trial or rehearing.

This is a court of equity. The debtors' behavior with relation to the Gills' trust money is, in my opinion, egregious, and the Gills should be able to litigate their claims in probate court. I will deny the debtors' motion for a new trial.

(Gills' Designation of R. at 225.)

equity to inherently fact-sensitive situations." *In re Sentry Park, Ltd.,* 87 B.R. 427, 430 (Bankr.W.D.Tex.1988). Because "[s]tay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization[,]" hearings on motions to lift the automatic stay are "handled in a summary fashion." *In re Johnson,* 756 F.2d 738, 740 (9th Cir.1985).

With respect to the burden of proof, 11 U.S.C. § 362(g) states:

In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g) (2001). Although "[m]ost cases arising under Section 362(d)(1) involve creditors holding secured claims who allege that there is insufficient equity in the collateral to adequately protect their interests[,]" the legislative history does not "speak to the question of the burden of proof where relief from the stay is sought 'for cause' other than for lack of adequate protection." *In re Curtis,* 40 B.R. 795, 802 (Bankr.D.Utah 1984). In such cases, Courts have held that the "one who seeks relief from the automatic stay must, in the first instance, establish a legally sufficient basis, *i.e.,* 'cause,' for such relief." *Id.* "The burden then lies with the debtor to demonstrate that it is entitled to the stay." *Id.* at 803; *see In re Skipworth,* 69 B.R. 526, 527 (Bankr.E.D.Pa.1987)

(stating that under "section 362(d)(1), the movant 'has the burden of going forward with evidence in the first instance to establish that there are some facts to support its allegations of 'cause.'' "); *In re Kane,* 27 B.R. 902, 904 (Bankr.M.D.Pa.1983).

■ A decision to lift the automatic stay is an exercise of discretion and may only be reversed upon a showing of an abuse of discretion.[4] *See In re Reitnauer,* 152 F.3d 341, 343–44 (5th Cir.1998); *In re Dixie Broadcasting, Inc.,* 871 F.2d 1023, 1026 (11th Cir.1989); *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 814 F.2d 844, 847 (1st Cir.1987); *In re Holtkamp,* 669 F.2d 505, 507 (7th Cir. 1982). This court may not reweigh the factors influencing the bankruptcy court's ruling unless there has been an abuse of discretion. *See In re Commodity Exchange Servs. Co.,* 67 B.R. 313, 315 (N.D.Tex.1986). "To find an abuse of discretion, the ... court must find that, on an examination of the record as a whole, the actions complained of adversely affected the substantial rights of the complaining party." *In re Prestwood,* 185 B.R. at 360 (*citing Box v. Swindle,* 306 F.2d 882 (5th Cir.1962)).

■ In this case, the Mooneys argue that the bankruptcy court erred in granting the Gills' motion to lift the stay because the Gills failed to provide any evidence in support of their request for relief from the stay. After reviewing the evidence in the record, however, the Court concludes that the Mooneys' arguments are not persuasive for several reasons. First, evidence was before the bankruptcy court at the time of the hearing that supports the Gills' motion for relief from the

---

**4.** A district court reviews a bankruptcy court's factual findings under the "limited and deferential clearly erroneous standard." *In re Prestwood,* 185 B.R. at 360. In addition, a district court reviews a bankruptcy court's conclusions of law *de novo. See Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1307 (5th Cir.1985).

548

stay. Exhibits A, B, and D, which the Gills attached to their motion, demonstrate that the Gills were involved in a lawsuit against the Mooneys for mismanagement of the Gills trust funds and that the Probate Court had already issued an injunction against the Mooneys for their depletion of the trust's assets. There is no question as to the validity of these documents because the Mooneys, in their response to the Gills' motion, admitted that they were true and correct copies of the documents. Indeed, the Mooneys further admitted in their response to the Gills' motion that they did not have any equity in the West Cleburne Road property. The bankruptcy judge apparently decided that "cause" existed due to the fact that a lawsuit was already underway regarding these issues, the court hearing that lawsuit had already determined that the Mooneys' actions warranted an injunction being issued against them, and the Mooneys admitted that they did not have an interest in the property at issue. The bankruptcy judge, obviously not impressed by the Mooneys' "egregious" behavior towards the Gills in managing their trust money, found in favor of the Gills. Based on the entire record, the Court concludes that the bankruptcy judge's decision to lift the automatic stay was not an abuse of discretion. *See In re Reitnauer,* 152 F.3d at 343–44.

Therefore, it is ORDERED that the bankruptcy court's December 11, 2000 Order Modifying Automatic Stay and March 7, 2001 Order Denying Motion for New Trial or Reconsideration are AFFIRMED.