William Young, US Penitentiary Beaumont, Beaumont, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

William Young, federal prisoner number 56038–080, appeals the denial of his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that *Buford v. United States*, 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), clarified an amendment to U.S.S.G. § 4A1.2, comment. (n.3). He argues that under the clarification he would not have been eligible for the sentencing enhancement he received under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and its corresponding guideline provision at U.S.S.G. § 4B1.4(b)(3).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The amendment that Young argues was clarified by *Buford* is Amendment 382, effective November 1, 1991, which changed the language in U.S.S.G. § 4A1.2, comment. (n.3). Amendment 382 is not listed in U.S.S.G. § 1B1.10(c), and therefore may not be applied retroactively on Young's motion. *See United States v. Drath*, 89 F.3d 216, 218 (5th Cir.1996). The denial of Young's 18 U.S.C. § 3582(c)(2) motion was not an abuse of the district court's discretion. Its order is AFFIRMED.

**Sue WALSTON, Plaintiff–Appellant,**

v.

**William R. VANCE, In his official capacity as Justice of the State Court of Appeals for the Tenth District of Texas; State of Texas, Supreme Court of Texas, Defendants–Appellees.**

**No. 03–50373.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 2003.

Sue Walston, pro se, Waco, TX, for Plaintiff–Appellant.

Kathlyn C. Wilson, Office of the Attorney General for the State of Texas, Austin, TX, for Defendants–Appellees.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Sue Walston appeals the district court's dismissal of a complaint challenging the constitutionality of Texas' procedures governing judicial elections and requesting damages that include federal injunctive and declaratory relief prohibiting Texas judges from presiding over certain cases. The district court did not err in holding that the federal relief Walston requests is barred by the *Rooker–Feldman* ** doctrine. *See Matter of Reitnauer*, 152 F.3d 341, 344 (5th Cir.1998).

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\*\* *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 & 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidel-*

---

*ity Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923).